# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO V. OLIVARES,<br><br>Petitioner,<br><br>v.<br><br>TIM PEREZ, Warden,<br><br>Respondent. | Case No. 1:14-cv-00447-SMS  HC<br><br>ORDER DENYING MOTION FOR STAY AND ABEYANCE, AND DISMISSING CERTAIN STATE CLAIMS<br><br>Doc. 2 |

Petitioner is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner filed his petition in the U.S. District Court for the Central District of California on March 17, 2014. At the same time, he filed a motion for stay and abeyance of multiple claims relating to violation of his rights under state law. *See* Doc. 2 at 2. On March 28, 2014, the Central District transferred the petition and motion to this Court, since it has jurisdiction over grounds relating to Petitioner's trial in Kern County (California) Superior Court. Because Petitioner seeks to vindicate rights under California state law, the Court denies the motion for stay and abeyance, and dismisses those grounds of the petition alleged to be state claims.

///

**DISCUSSION**

Petitioner seeks an order of stay and abeyance to pursue approximately thirteen state law claims,[1] some of which are alleged as grounds for relief in his petition for writ of habeas corpus: communication (ground 1), witness false testimony (ground 2), perjury (ground 2), prosecutorial misconduct (ground 3), misleading of jury (ground 4), impeachment of documents (ground 6), hearsay (ground 7), ineffective assistance of counsel (ground 9), evidence of prior acts more than ten years old in violation of Evid.R. 609 (grounds 10 and 11), uncharged sexual allegations (ground 12), pretext call to Petitioner, violation of privacy, and inconsistent statement.  The motion denominates the listed claims as "rights under state law."  Doc. 2 at 2.

"[A] district court shall entertain an application for a writ of habeas corpus in behalf of a prisoner in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Petitioner does not allege that any of the grounds for a writ of habeas corpus for which he seeks an order of stay and abeyance constitutes a violation of the U.S. Constitution or federal laws or treaties.  In fact, he alleges that he wishes to pursue "rights under state law."  When a petition includes no mention of any federal grounds, a district court may appropriately dismiss it.  *Burkey v. Deeds*, 824 F.Supp. 190, 193 (D.Nev. 1993).

"[F]ederal habeas corpus relief does not lie for errors of state law."  *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (*citations omitted*).  *See also, e.g., Gilmore v. Taylor*, 508 U.S. 333, 344 (1993) ("[I]nstructional errors of state law generally may not form the basis for federal habeas relief."); *Hayes v. Ayers*, 632 F.3d 500, 515 (9th Cir. 2011) (trial judge's failure to declare mistrial following witness's statement of excluded hearsay did not rise to level of federal due process violation); *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009) (Absent clearly established Federal law,

---

[1] Although Petitioner lists fourteen state claims that he wishes to pursue as state claims in state habeas corpus proceedings, certain claims appear duplicative or fall within more than one listed ground in his federal petition for habeas corpus relief.

2

a state court's admitting irrelevant or overtly prejudicial evidence is not sufficient to justify issuance of a writ under AEDPA.); *Randolph v. California*, 380 F.3d 1133, 1147 (9th Cir. 2004) ("A violation of state evidence rules is insufficient to constitute a due process violation."); *Hernandez v. Ylst*, 930 F.2d 714, 719 (9th Cir. 1991) ("Federal courts are extraordinarily chary of entertaining habeas corpus violations premised upon asserted deviations from state procedural rules."); *Jamal v. Van de Kamp*, 926 F.2d 918, 919 (9th Cir. 1991) ("We do not review questions of state evidence law."); *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989) ("[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation."). The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes "a highly deferential standard for evaluating state-court rulings," requiring "that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (quoting *Lindh v. Murphy*, 521 U.S. 320, 333 n. 7 (1997).

## CONCLUSION AND ORDER

Petitioner's having alleged no federal constitutional or statutory basis for the grounds for which he seeks an order of stay and abeyance, the Court hereby DENIES the motion for stay and abeyance. The Court further DISMISSES from the petition for writ of habeas corpus, without prejudice, grounds 1, 2, 3, 4, 6, 7, 9, 10, 11, and 12, since Petitioner alleges that these claims are not exhausted and concern violations of California state law.

IT IS SO ORDERED.

Dated: **August 20, 2014**          **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE

3