1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

| | |
|---|---|
| ANTONIO V. OLIVARES,<br><br>             Petitioner,<br><br>    v.<br><br>TIM PEREZ, Warden,<br><br>            Respondent. | Case No. 1:14-cv-00447-SMS  HC<br><br>ORDER DISMISSING PETITION FOR FAILURE TO STATE A FEDERAL CLAIM AND FAILURE TO EXHAUST |

16

## SCREENING ORDER

17

18

19

20

21

22

23

24

25

26

27

28

Petitioner, a state prisoner serving a sentence of 22 years and eight months following conviction on five counts of continuous sexual abuse of a child contrary to California Penal Code § 288.5 and one count of oral copulation contrary to California Penal Code § 288.6(b), proceeds *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In a separate order addressing Petitioner's motion for an order of stay and abeyance, this Court previously dismissed without prejudice grounds 1, 2, 3, 4, 6, 7, 9, 10, 11, and 12, which Petitioner contended were unexhausted grounds of rights arising under California state law.  This order addresses the three grounds remaining of the petition for writ of habeas corpus: ground five, impeachment of potential key witnesses with malice and intentional exclusion of witnesses; ground 13, trial judge bias in excluding evidence based on substantive law, evidence law, and procedural law; and ground 14,

untruthful leading questions.  Because Petitioner has neither exhausted these grounds nor included them as part of his petition for writ of habeas corpus before the state court, the Court dismisses these remaining three grounds for failure to state a federal claim and failure to exhaust state remedies.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

### A.    <u>Failure to State a Discernable Claim</u>

A petitioner must state his claim with sufficient specificity.  *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  "'Notice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  *Wacht v. Cardwell*, 604 F.2d 1245, 1247 (9th Cir. 1979).  Among other requirements, the petition must state the facts supporting each ground.  Rule 2(c) of the Rules Governing Section 2254 Cases.

The grounds set forth in the petition in this case are completely devoid of facts, alleging in vague and conclusory terms a laundry list of alleged trial errors under unspecified California procedural and evidentiary rules.  Even assuming that the three remaining grounds (impeachment of potential key witnesses with malice and intentional exclusion of witnesses, trial judge bias in excluding evidence based on substantive law, evidence law, and procedural law, and untruthful

leading questions) might conceivably be developed into legitimate federal grounds supporting a

habeas petition, the complete absence of factual allegations supporting the alleged grounds renders

the grounds indiscernible.  The Court has no alternative to dismissing the petition in its present

form.

### B.  <u>Failure to State a Federal Claim</u>

The basic scope of habeas corpus is prescribed by statute.  Section 2241(c) provides that

habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the

Constitution."  28 U.S.C. § 2254(a) states, "[A] district court shall entertain an application for a writ

of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on

the ground that he is in custody in violation of the Constitution or laws or treaties of the United

States."  *See also* Rule 1 to the Rules Governing Section 2254 Cases in the United States District

Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in

custody upon the legality of that custody . . . "  *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  To

succeed in a petition pursuant to Section 2254, a petitioner must demonstrate that the adjudication

of his claim in state court "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the United

States; or resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1), (2).

In this case, Petitioner fails to state a cognizable federal claim.  He does not allege a

violation of the Constitution or federal law, nor does he argue that he is in custody in violation of

the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state

court "resulted in a decision that was contrary to, or involved an unreasonable application of,

clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable

determination of the facts."  28 U.S.C. § 2254.

3

C.     **Exhaustion of State Remedies**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Rose v. Lundy*, 455 U.S. 509, 518 (1982); *Buffalo v. Sunn*, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. *Duncan*, 513 U.S. at 365; *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

The petitioner must also have specifically informed the state court that he was raising a federal constitutional claim. *Duncan*, 513 U.S. at 365-66; *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999); *Keating v. Hood*, 133 F.3d 1240, 1241 (9th Cir. 1998).

In his petition, Petitioner discloses that he has not exhausted ground 5 (impeachment of potential key witness with malice and intentional exclusion of witnesses). Doc. 1 at 6, ¶ 7(e). Because Petitioner continued setting forth grounds on plain paper after filling in all the space for grounds on the application form, he did not indicate whether or not he exhausted ground 13 (trial judge bias in excluding evidence based on substantive law, evidence law, and procedural law) or ground 14 (untruthful leading questions). A review of the state petition attached as an exhibit to his

4

federal petition (Doc. 1 at 12-17) does not include grounds 5, 13, or 14.  Grounds 5, 13, and 14 were not included in Petitioner's motion for stay and abeyance, previously addressed by this Court.

Because the three remaining grounds for collateral relief are unexhausted, the Court must dismiss the petition.  28 U.S.C. § 2254(b)(1); *Rose*, 455 U.S. at 521-22.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, but may only appeal in certain circumstances.  *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b)  There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
>         (A)  the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>         (B)  the final order in a proceeding under section 2255.
>
>     (2)  A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
>     (3)  The certificate of appealability under paragraph (1) shall indicate which specific issues or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

further." *Miller-El*, 537 U.S. at 327; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Although the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 537 U.S. at 338.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION AND ORDER

The Court hereby ORDERS that:

1. The Petition for Writ of Habeas Corpus is DISMISSED WITHOUT PREJUDICE.

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   **August 20, 2014**              **/s/ Sandra M. Snyder**
                                    UNITED STATES MAGISTRATE JUDGE